**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TURBINE GENERATOR MAINTENANCE, INC.,**
**a Delaware Corporation,**

**Plaintiff/
Counter Defendant,**

**v.**            **// CIVIL ACTION NO. 1:16CV83**
                                 **(Judge Keeley)**

**AMERICAN BITUMINOUS POWER PARTNERS, L.P.,**
**a Delaware Limited Partnership,**

**Defendant/
Counterclaimant.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE DEFENDANT'S MOTION TO DISMISS [DKT. NO. 19]**

Pending before the Court is the motion to dismiss for lack of subject matter jurisdiction which the defendant, American Bituminous Power Partners, L.P. ("AMBIT"), filed on August 9, 2016 (Dkt. No. 19). In its original complaint, the plaintiff, Turbine Generator Maintenance, Inc. ("Turbine Generator"), alleged that diversity jurisdiction existed pursuant to 28 U.S.C. § 1332. At a scheduling conference held on August 8, 2016, however, the Court questioned whether diversity of citizenship actually existed among the parties and directed them to supplement their briefs to address the question. On August 9, 2016, AMBIT filed a Clarification of Corporate Residence (Dkt. No. 18), together with the instant motion to dismiss (Dkt. No. 19). Following that, the Court ordered Turbine Generator to notify it by August 15, 2016, whether it opposed AMBIT's motion. Turbine Generator did not file a response in

## MEMORANDUM OPINION AND ORDER
### GRANTING THE DEFENDANT'S MOTION TO DISMISS [DKT. NO. 19]

opposition. For the reasons that follow, the Court **GRANTS** the motion.

"Federal courts are courts of limited jurisdiction" and possess "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In order to bring a law suit in a federal district court, a plaintiff must establish that the court has jurisdiction. McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Jurisdiction cannot be established by consent, and the court is free to raise the issue of its own volition. Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A federal district court may generally exercise two types of subject matter jurisdiction: diversity jurisdiction and federal question jurisdiction. See 28 U.S.C. §§ 1331-32.

Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. Id. § 1332(a). The Supreme Court has long interpreted this statute "to require complete diversity of citizenship of each plaintiff from each defendant." Rosmer v. Pfizer Inc., 263 F.3d 110 (4th Cir. 2001) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE DEFENDANT'S MOTION TO DISMISS [DKT. NO. 19]**

(1806)). A corporation is considered "a citizen of every [s]tate . . . in which it has been incorporated" and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A legal entity other than a corporation, such as a limited partnership, cannot be considered a "citizen" of the state under whose law it is organized. <u>See</u> <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 189 (1990) (citing <u>Great S. Fire Proof Hotel Co. v. Jones</u>, 177 U.S. 449 (1900); <u>Chapman v. Barney</u>, 129 U.S. 677 (1889)). Rather, in the Fourth Circuit, the citizenship of a limited partnership is determined based on the citizenship of all its partners, both general and limited. <u>N.Y. State Teachers Ret. Sys. v. Kalkus</u>, 764 F.2d 1015, 1019 (4th Cir. 1985).

Here, complete diversity does not exist. In its amended complaint, Turbine Generator alleged that it is a Delaware corporation with its principal place of business in Cape Coral, Florida (Dkt. No. 3 at 1). Additionally, it alleged that AMBIT is a Delaware limited partnership with its principal place of business in Grant Town, West Virginia, <u>id.</u>, a fact that AMBIT admitted in its answer (Dkt. No. 10 at 1).

AMBIT's Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 listed its partners as follows: American Hydro Power Company,

## MEMORANDUM OPINION AND ORDER
### GRANTING THE DEFENDANT'S MOTION TO DISMISS [DKT. NO. 19]

American Power Investors, Inc., Pleasant Valley Energy LLC, Aguila Energy, and East Power Corporation (Dkt. No. 11). In its Clarification of Corporate Residence, AMBIT acknowledged that two of those partners, East Power Corporation and American Hydro Power Company, are citizens of Delaware (Dkt. No. 18 at 2). In support, it attached "Entity Details" from the Delaware Division of Corporations entity search website. Id. at Ex. A, B.

Based on a review of those attachments, the Court concludes that East Power Corporation is a Delaware corporation, and that American Hydro Power Company is a Delaware limited partnership. Id. Without further information concerning the citizenship of the partners comprising American Hydro Power Company, the Court is unable to determine its citizenship; the state under whose laws the partnership is organized is an insufficient basis for determining citizenship. See Carden, 494 U.S. at 189. Nevertheless, as a Delaware corporation, East Power Corporation is clearly a citizen of Delaware, 28 U.S.C. § 1332(c)(1), thus making AMBIT a citizen of Delaware as well. Kalkus, 764 F.2d at 1019. As a Delaware corporation (Dkt. No. 3 at 1), Turbine Generator is also a citizen of Delaware. Therefore, because both Turbine Generator and AMBIT are citizens of Delaware, complete diversity does not exist. The

**MEMORANDUM OPINION AND ORDER**
**GRANTING THE DEFENDANT'S MOTION TO DISMISS [DKT. NO. 19]**

Court therefore **GRANTS** AMBIT's motion and **DISMISSES** this case **WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk of Court to transmit copies of this Memorandum Opinion and Order to counsel of record and to enter a separate judgment order.

DATED: August 23, 2016

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE